JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No. SA CV 21-01401-DOC-JDEx                                      Date:  October 1, 2021

Title: SCOTT ROBINSON ET AL. V. AIRBAHN INC

PRESENT:

### THE HONORABLE DAVID O. CARTER, JUDGE

| Karlen Dubon | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**   **ORDER GRANTING PLAINTIFFS' MOTION TO REMAND [12]; DENYING AS MOOT DEFENDANT'S MOTION TO DISMISS [14]; AND REMANDING CASE TO STATE COURT**

       Before the Court is Plaintiffs' Scott Robinson and Daniel Reynolds' ("Plaintiffs") Motions to Remand ("Mot.") (Dkt. 12). The Court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. Having reviewed the moving papers, Court **GRANTS** Plaintiffs' Motion for Remand, **DENIES AS MOOT** Defendant's Motion to Dismiss, and hereby **REMANDS** this case to the Superior Court of Orange County, California.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 21-01401-DOC-JDEx　　　　　　　　　　　　　　　　Date: October 1, 2021
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 2

### I.　　Background

#### A.　　Facts

The following facts are drawn from the Complaint in this action. Notice of Removal (Dkt. 1-2). This is a case challenging Defendant's alleged constructive discharge of Plaintiffs for reporting violations of Federal Aviation Regulations ("FAR") and other unsafe conduct to relevant parties within Airbahn. *Id.* ¶¶ 7-25.

#### B.　　Procedural History

On September 8, 2021, Plaintiffs filed their complaint against Defendant in the Superior Court for the State of California, County of Orange, alleging causes of action for (1) Whistleblower Retaliation, Cal. Lab. Code § 1102.5; (2) Wrongful Termination in Violation of Public Policy; and (3) Intentional Infliction of Emotional Distress. Notice of Removal ¶¶ 26-38.

On September 3, 2021, Defendant brought a Motion to Dismiss Plaintiff's Complaint (Dkt. 10). On September 8, 2021, Plaintiffs filed the instant Motion to Remand Case. Mot.

### II.　　Legal Standard

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Removal of a case from state court to federal court is governed by 28 U.S.C. § 1441, which provides in pertinent part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441. A federal court may order remand for lack of subject matter jurisdiction or any defect in the removal procedure. 28 U.S.C. § 1447(c).

If the court lacks subject matter jurisdiction, any action it takes is ultra vires and void. *See Gonzalez v. Crosby*, 545 U.S. 524, 534 (2005); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94, 101–02 (1998). The lack of subject matter jurisdiction may be raised at any time by either the parties or the court. Fed. R. Civ. P. 12(h)(3). If subject matter jurisdiction is found to be lacking, the court must dismiss the action, *id.*, or remand pursuant to 28 U.S.C. § 1447(c). A court may raise the question of subject matter jurisdiction *sua sponte*. *See Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 21-01401-DOC-JDEx                                      Date: October 1, 2021
                                                                                                   Page 3

### III.     Discussion

Congress has authorized the federal district courts to exercise original jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. This provision is usually invoked when plaintiffs plead a cause of action created by federal law. *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manuf.*, 545 U.S. 308, 312 (2005). However, federal question jurisdiction can also exists where the "state-law claim necessarily stated a federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing a congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.,* 545 U.S. 308, 308 (2005).

In determining whether a federal district court has "arising under" jurisdiction over a claim, we must keep in mind "the basic principle marking the boundaries of the federal question jurisdiction of the federal district courts": the well-pleaded complaint rule. *California Shock Trauma Air Rescue v. State Compen. Ins. Fund*, 636 F.3d 538, 541 (9th Cir. 2011). "Under the well-pleaded complaint rule, the Court must determine whether "a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Id*. Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint*." Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Plaintiffs' claims and prayer for relief do not present an essential question of federal law. The Complaint contains only state law causes of action for California state constructive discharge and whistleblower retaliation under the California Labor Code and California common law. *See Compl.*

Defendants argue that despite these state claims, removal was appropriate because Plaintiffs' claims "are completely preempted by the Federal Aviation Act of 1958 (FAA) and its accompanying Federal Aviation Regulations (FAR)," and "implicate significant federal issues." Opp'n at 2.

In *Ventress v. Japan Airlines*, 747 F.3d 716 (9th Cir. 2014), the Ninth Circuit found that the FAA and FARS preempted plaintiff's retaliation and constructive termination claims because the finder of fact would have to inquire into the pilot's qualifications and medical fitness, two determinations heavily detailed in the FARs. *Id.* at

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 21-01401-DOC-JDEx            Date: October 1, 2021
           Page 4

722. The Ninth Circuit went onto clarify that the FAA does not preempt all retaliation and constructive termination claims brought under California law but rather only those that "encroach upon, supplement, or alter the federally occupied field of aviation safety." *Id.* A determination that would require a fact finder to inquire into the specifications of the FARs, akin to that of medical fitness question in *Ventress*, is not required here. Nothing in Plaintiffs' cases-in-chief necessitates the examination of whether federal aviation law was violated; instead, it only requires that Plaintiffs' reasonably believed that such a violation existed. *See e.g.*, CACI 4603 ("reasonable cause to believe"); *Nejadian v. County of Los Angeles*, 40 Cal. App. 5th 703, 719 (2019) (claims under Cal. Labor Code 1102.5(b) like this one require only showing that employee reasonably believed there was a violation of a statute, rule, or regulation). It is also for these reasons that Plaintiffs' claims do not "encroach upon, supplement, or alter" the federally occupied field of aviation safety. *Ventress,* 747 F.3d at 722.

Now that the Court lacks subject matter jurisdiction, it must exercise its discretion, and it accordingly declines to exercise supplemental jurisdiction over the state law claims.

## IV.    Disposition

For the reasons set forth above, the Court **GRANTS** Plaintiffs' Motion for Remand, **DENIES AS MOOT** Defendant's Motion to Dismiss, and hereby **REMANDS** this case to the Superior Court of Orange County, California.

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11            Initials of Deputy Clerk: kdu

CIVIL-GEN